```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 18CR41-11 (DLC) |
| SEAN JONES, | ORDER |
| Defendant. | |

DENISE COTE, District Judge:

On December 19, 2023, defendant Sean Jones moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  Because the defendant received the mandatory minimum term of imprisonment, he is not eligible for a reduction of his sentence and the motion is denied.

## Background

On April 24, 2019, Jones pleaded guilty to brandishing and discharging a firearm in aid of racketeering, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and pursuant to a plea agreement with the Government.  The defendant had fired a gun at an individual in order to gain a higher rank in the MacBallas, a criminal enterprise.

The offense carried a mandatory minimum sentence of 10 years' imprisonment.  The defendant's Sentencing Guidelines range was the statutory mandatory minimum of 120 months'

imprisonment.  His criminal history category was IV.  The defendant received five criminal history points under U.S.S.G. § 4A1.1(c) for prior convictions in state court and two points under U.S.S.G. § 4A1.1(d) because the defendant was on parole at the time he committed the federal offense.  The Probation Department, the defendant, and the Government each requested a sentence of 120 months' imprisonment, which was the mandatory minimum.  On August 2, 2019, the defendant was sentenced principally to a term of 120 months' imprisonment.

On December 19, 2023, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023, and applies retroactively.  On February 29, 2024, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction.  Jones is scheduled to be released from custody on June 28, 2027.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that

modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of criminal history points under U.S.S.G. §4A1.1(d) for those who committed the offense of conviction while under a criminal justice sentence including while on parole ("status points").  As relevant here, the amendment removed the status points assessed to defendants with six or fewer criminal history points as calculated under U.S.S.G. § 4A1.1.  Amendment 821 was informed by studies of criminal history points that found that status points are "relatively common" in cases where defendants received at least one criminal history point, and that while an offender's criminal history is "strongly associated with the likelihood of future recidivism," status points "add little to the overall predictive value associated with the criminal history score."  U.S.S.G. App. C, Amendment 821, Reason for Amendment.

Jones is not eligible for a sentence reduction under Amendment 821.  His sentencing guidelines range has not changed. Jones was sentenced to the mandatory minimum term of imprisonment.  In the absence of substantial cooperation by the defendant, the Court may not impose a sentence below the

4

statutorily required minimum sentence. See <u>United States v. Vargas</u>, 961 F.3d 566, 576 (2d Cir. 2020).

### Conclusion

Jones' December 19, 2023 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:   New York, New York
         May 21, 2024

                              _____
                              Denise Cote
                              United States District Judge